■ ELIZABETH HORVATH, Respondent, v. JOHN HORVATH, Appellant. ELIZABETH HORVATH, Appellant-Respondent. v. JOHN HORVATH, Respondent-Appellant.— Order, Supreme Court, New York County, entered May 28, 1974, unanimously modified, on the law and in the exercise of discretion, to dismiss the seventh cause of action in the complaint with permission to apply for leave to replead as a cause of action at law, and otherwise affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered August

2, 1974, unanimously affirmed, without costs and without disbursements. Nine separate causes of action were pleaded in what was essentially an action for separation brought by plaintiff-appellant-respondent wife against defendant-respondent-appellant husband. The separation causes were the first four, each on a separate ground; these causes were dismissed as the result of the husband's successful motion based on his documented counterclaim for a declaration of invalidity of the marriage by reason of the wife's prior subsisting marriage. The four causes were allowed to stand, however, as a basis for trial of her claim for permanent alimony. As to this, the court continued the temporary alimony theretofore granted pending trial of that issue. Five other causes sought declaratory judgment as to various claims made by the wife against the husband in regard to money and property; all but the seventh, having to do with a bank account in Spain, were dismissed by reason of conclusory pleading, not capable of being answered. Permission was granted as to these four to move for leave to replead properly on a submission of supporting evidentiary matter. We affirm all the foregoing except as to the seventh cause seeking declaratory judgment as to the Spanish bank account. This cause of action has the same defects as the others and might well be repleaded in the same manner as the four as to which an opportunity was given to seek leave to this end, and we grant the same opportunity as to this cause, which should be stated as an action at law. The husband has cross-appealed from that portion of the order entered May 28 insofar as it continued an earlier order awarding the wife temporary alimony, as well as from the later order entered August 2 which directed entry of judgment for arrears in payments of the temporary alimony. The outstanding direction to continue payment of temporary alimony should have been complied with. It was a valid order, and we affirm the disposition directing judgment for the arrears, as well as the earlier direction for temporary alimony. Concur — McGivern, P. J., Markewich, Steuer, Tilzer and Capozzoli, JJ.